IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

GERALD CAVALLO,

                Plaintiff,

– against –

KILLINGTON/PICO SKI RESORT PARTNERS,
LLC and POWDR CORP.,

                Defendants.

**COMPLAINT**

5:21-cv-274

Plaintiff Gerald Cavallo ("Plaintiff") by and through their counsel, Perrone Law PLLC and Cullenberg & Tensen PLLC, complaining of Defendants Killington/Pico Ski Resort Partners, LLC and POWDR Corp. ("Defendants"), alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff is a citizen of the State of Connecticut.

2. At all times hereinafter mentioned, Defendant Killington/Pico Ski Resort Partners, LLC ("Killington") is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at 4763 Killington Road, Killington, Vermont 05751.

3. At all times hereinafter mentioned, Killington owned a ski resort located at 4763 Killington Road, Killington, Vermont 05751 ("Killington Resort"), including, but not limited to, the ski tunnel known as the "WALKWAY TO SNOWSHED" depicted below:



(hereinafter referred to as the "Ski Tunnel").

4. At all times hereinafter mentioned, Killington operated Killington Resort, including, but not limited to, the Ski Tunnel.

5. At all times hereinafter mentioned, Killington maintained Killington Resort, including, but not limited to, the Ski Tunnel.

6. At all times hereinafter mentioned, Killington managed Killington Resort, including, but not limited to, the Ski Tunnel.

7. At all times hereinafter mentioned, Killington controlled Killington Resort, including, but not limited to, the Ski Tunnel.

8. At all times hereinafter mentioned, Killington was responsible for performing snow and ice removal at Killington Resort, including, but not limited to, the Ski Tunnel.

9. At all times hereinafter mentioned, Killington was responsible for keeping the walkways of Killington Resort free and clear of ice, snow and other slipping hazards, including, but not limited to, any such hazards located in or near the Ski Tunnel.

10. At all times hereinafter mentioned, Defendant POWDR Corp. ("POWDR") is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Utah.

11. At all times hereinafter mentioned, POWDR owned Killington Resort, including, but not limited to, the Ski Tunnel.

12. At all times hereinafter mentioned, POWDR operated Killington Resort, including, but not limited to, the Ski Tunnel.

13. At all times hereinafter mentioned, POWDR maintained Killington Resort, including, but not limited to, the Ski Tunnel.

14. At all times hereinafter mentioned, POWDR managed Killington Resort, including, but not limited to, the Ski Tunnel.

15. At all times hereinafter mentioned, POWDR controlled Killington Resort, including, but not limited to, the Ski Tunnel.

16. At all times hereinafter mentioned, POWDR was responsible for performing snow and ice removal at Killington Resort, including, but not limited to, the Ski Tunnel.

17. At all times hereinafter mentioned, POWDR was responsible for keeping the walkways of Killington Resort free and clear of ice, snow and other slipping hazards, including, but not limited to, any such hazards located in or near the Ski Tunnel.

## JURISDICTION AND VENUE

18. Jurisdiction and venue are proper in this Court.

19. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different States.

20. Venue is properly placed in the United States District Court for the District of Vermont since the acts complained of took place here, Defendants do business here, Defendant

Killington/Pico Ski Resort Partners, LLC has its principal place of business here, and this is the most convenient place for the trial of this action.

## FACTUAL BACKGROUND

21. On or about April 3, 2021, Plaintiff was a lawfully paying guest at Killington Resort and, while walking through the Ski Tunnel towards the snowshed, was caused to slip and fall on an accumulation of ice due to the failure of Defendants to maintain the premises in a safe manner and/or warn of a known dangerous condition.

22. The photograph depicted below fairly and accurately depicts the condition of the aforementioned Ski Tunnel on or about April 3, 2021:



23. Defendants allowed the above-depicted accumulation of ice to remain and create a hazard and, despite having both actual and constructive notice thereof for a sufficient time before the subject accident, failed to warn of or remedy this known dangerous condition, as a direct and proximate result of which Plaintiff sustained severe, permanent personal injuries.

### FIRST CAUSE OF ACTION

24. Plaintiff hereby repeats, reiterates and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

25. Defendants owed Plaintiff and breached a duty to maintain the aforementioned premises of Killington Resort, including, but not limited to, the Ski Tunnel, in a safe manner and to warn of or correct dangers which in the exercise of reasonable prudence in the circumstances could have been foreseen and corrected, which dangers included the accumulation of ice in the Ski Tunnel depicted above that caused the subject accident.

26. Defendants, by and through their agents, servants and/or employees, were negligent, careless and reckless in the ownership, operation, control, management, maintenance, inspection and care of the aforesaid premises and Ski Tunnel thereof; in failing to maintain the aforesaid Ski Tunnel in a reasonably safe condition; in failing to use reasonable care to maintain the Ski Tunnel in a safe condition; in failing to use reasonable care to keep the area of the occurrence clear of ice, an area where it was reasonably foreseeable that guests of Killington Resort, and more specifically the plaintiff herein, would traverse; in failing to remove snow and ice from the aforesaid Ski Tunnel; in failing to adequately and properly apply salt, sand gravel and/or other deicers to the walkway of the Ski Tunnel; in permitting and allowing snow and ice to accumulate in the Ski Tunnel, despite due time having elapsed from the conclusion of any precipitation of rain, snow or ice; in causing, permitting, allowing and/or creating a dangerously

slippery condition of ice and/or snow in the Ski Tunnel; in failing to adequately and properly remove ice and snow from the Ski Tunnel; in failing to adequately plow, shovel, salt and sand the subject area; in leaving residual ice and snow in the subject area; in failing to have salt, sand, ashes and/or sawdust or other material placed in the snow and ice; in failing to have adequate lighting; in failing to have proper handrails; in failing to accomplish total snow removal and ice control from the area; in failing to apply industry standard ice control treatment on the subject surface after being cleared of snow; in launching a force of harm as a result of the negligent and incomplete removal of snow and ice from the Ski Tunnel; in negligently undertaking to clear the subject area of ice and snow and thereby increasing the dangerousness of the condition; in permitting the aforesaid location to be, become and remain improperly and dangerously covered with ice and snow; in failing to place signs or otherwise warn pedestrians, specifically the plaintiff herein, from traversing the Ski Tunnel; in failing to exercise reasonable and proper care; in failing to properly train, staff and man said area to prevent the aforesaid occurrence; in inadequately supervising the aforesaid area; in failing to warn the public in general and the plaintiff in particular of the dangers and hazards existing thereat; in failing to rope off said area, properly erect barricades and/or otherwise warn others and prevent the occurrence thereat; in employing incompetent, undertrained or untrained personnel to perform ice or snow removal, salting and sanding work and otherwise properly maintain the said area; in causing snow, ice, slush and/or other slippery substances to exist and remain thereon; in permitting said condition to exist and remain for an unreasonable period of time when the defendants, their agents, servants and/or employees, in the exercise of due care and prudence, knew or could and should have known of the condition and taken the necessary actions to remedy and correct the said dangerous and hazardous condition in causing, and allowing the premises to remain and be in a dangerous and defective condition; in failing to provide the

plaintiff with a safe area upon which to walk; in failing to give warning or notice to the plaintiff and others lawfully upon said premises of the dangerous, hazardous and trap-like condition which existed at that time; in employing insufficient and incompetent help to inspect, maintain and clean said area; in carelessly and negligently failing to remedy or cure said condition; in carelessly and negligently failing to avoid the accident although the defendants, their agents, servants and/or employees had a reasonable opportunity to do so; in causing, allowing and permitting said area to become and remain in an unsafe condition; in failing to remedy the inherently dangerous and defective conditions of the said area when the defendants, their agents, servants and/or employees knew or could and should have known of the dangers by use of reasonable care, diligence, inspection and supervision; in creating said dangerous and defective condition and in causing, allowing and permitting same to exist and remain for an unreasonably long period of time prior to this accident; in allowing all of the foregoing to exist with actual and constructive notice; and Defendants were otherwise negligent, careless and reckless.

27.    As a direct and proximate cause of Defendants' negligence, Plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, injuries to his right lower extremity and other parts of the body; right lower extremity pain with swelling, weakness, tingling, numbness, spasm, stiffness and reduced range of motion; displaced oblique fracture of right tibial shaft; displaced comminuted fracture of right fibula shaft; required surgery to address right spiral tibial shaft fracture and right proximal fibular diaphyseal fracture, consisting of, *inter alia*, intramedullary nailing of the right tibial shaft fracture; aggravation, exacerbation and worsening of drop foot, right lower extremity; aggravation, exacerbation and worsening of pre-existing cervical and lumbar spine injuries, including, but not limited to, multi-level lumbar spondylosis resulting in severe focal canal stenosis at L2-3 and L3-4, severe L5-S1 neural

foraminal narrowing, and multi-level spondylosis and stenosis with multi-level neural foraminal narrowing at C2-3, C4-5 and C5-6; unable to engage in activities of daily living as previously; required and requires pain medication; required hospital, medical and surgical care and will require such care and treatment in the future; will require future right lower extremity surgeries; osteoarthritis and arthritis are anticipated; extreme pain and suffering; mental anguish and distress, all of which damages are permanent in nature and continuing into the future.

28.  Any exculpatory agreement by and between Plaintiff and Defendants seeking to exculpate Defendants from liability resulting from negligence is void.

29.  By reason of the foregoing, Plaintiff is entitled to recover all of his damages from Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

WHEREFORE, Plaintiff demand judgment against Defendants to recover all damages properly recoverable, together with interest, costs and, as appropriate, attorneys' fees.

Respectfully Submitted,

*/s/ Arend R. Tensen*

Arend R. Tensen
**CULLENBERG & TENSEN, PLLC**
199 Heater Road, Suite 2
Lebanon, NH 03766
(603) 448-7100
tensen@nhvt-injurylaw.com

Daniel C. Perrone (Pro Hac Vice Forthcoming)
**PERRONE LAW PLLC**
2136 Victory Boulevard
Staten Island, New York 10314
(646) 470-9244
dcp@theperronefirm.com